UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZAZHUSEN KHATRI ESTATE,
*et al.*,

      Plaintiffs,

v.

DEARBORN PUBLIC SCHOOLS,
*et al.*,

      Defendants.

_____ /

Case No. 23-cv-12930

Hon. F. Kay Behm
United States District Judge

Hon. Anthony P. Patti
U.S. Magistrate Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S JULY 31, 2025,
REPORT AND RECOMMENDATION (ECF No. 31) AND
<u>OVERRULING PLAINTIFFS' OBJECTIONS (ECF No. 32)</u>**

## I.    PROCEDURAL HISTORY

This matter is before the court on Magistrate Judge Patti's report and recommendation (R&R), recommending the court grant Defendants' motion to dismiss Plaintiffs' third amended complaint (TAC) (ECF No. 31). Plaintiffs Azazhusen Khatri and Ghazala Khatri (or their "estates") bring this action primarily related to events surrounding their minor child "Anna." There is, notably, another case by almost the same plaintiffs, but related to events surrounding their other minor child, "Alma." *See* Case No. 23-cv-12874. Plaintiffs' complaints across

1

the two sister cases are largely similar in language, substance, and format, and suffer from similar deficiencies.  The R&Rs, therefore, are almost identical.  However, the objections to the R&Rs are slightly different, and so the court enters two separate orders with slightly different analysis.

The court finds the objections to be without merit and finds there is no need for a response or reply.  For the reasons explained, the court **ACCEPTS** and **ADOPTS** the report and recommendation and **DISMISSES** the case.

## II.   FACTUAL BACKGROUND

The relevant facts on this review are limited; the questions are not whether Plaintiffs' allegations manage to clear the bar of Rule 12(b)(6), but address more basic issues of standing, representation, compliance with Rule 8, and compliance with the court's orders.  The court will not needlessly expend resources rehashing what Magistrate Judge Patti has said already, in detail, summarizing the TAC, and the court assumes familiarity with his order.  *See* ECF No. 31.  It is enough to say here that the TAC broadly alleges instances of harassment by other students against Plaintiffs' minor daughter "Anna" (pseudonym) at

Dearborn Public Schools, as well as allegations about her parents'
subsequent treatment by school officials and those officials' alleged
failure to respond to other students' behavior as to Anna.  This case was
ostensibly brought (in the second amended complaint) by "Azazhusen
Khatri, Estate Co-Personal representatives Azazhusen Khatri and
Ghazala Khatri, individually; and Azazhusen Khatri as biological
Father and General Guardian of Anna Doe, a Minor," but was only
signed by Azazhusen Khatri, purportedly on behalf of all the Plaintiffs.
*See* ECF No. 23, PageID.374.  However, a non-lawyer cannot litigate
claims on another's behalf, and no lawyer appeared on behalf of
Plaintiffs.  Plaintiffs were warned about several deficiencies in their
second amended complaint, in particular regarding how they named the
Plaintiffs in this case.  Specifically, parents cannot litigate cases pro se
on behalf of their minor children, nor may the parents litigate this case
on behalf of their "estates," whatever those might be.  *See* ECF No. 23,
PageID.381.  Accordingly, when Defendants brought a motion to
dismiss, the court denied that motion without prejudice, and gave
Plaintiffs a chance to replead and cure the deficiencies identified.

The court also adopted the Magistrate Judge's finding that the second amended complaint failed to follow ordinary pleading requirements and was confusing to follow. *See, e.g.*, ECF No. 23, PageID.385 ("In amending his pleading, Plaintiff AK (or any of the others) must avoid lumping together multiple statutes, claims and theories in each count, as it is extraordinarily difficult to discern what the claims are under any given count in the existent pleading, and pleading in this manner again risks dismissal for failure to state a claim."). The court warned that counsel must appear on behalf of Plaintiffs in order to litigate the minor child's claims or any claims on behalf of the "Estates," or risk dismissal. ECF No. 24, PageID.392.

No attorney appeared, but Plaintiffs then filed a Third Amended Complaint (TAC) (ECF No. 25), and Defendants once again filed a motion to dismiss (ECF No. 26). This report and recommendation (ECF No. 31) followed the briefing on that motion. The R&R made a few key findings: first, that the Plaintiffs now consist only of the "estates" of A.K. and G.K., and A.K. and G.K. on behalf of Anna (their minor child), second, that the parents (and their "estates") cannot proceed pro se on behalf of their minor child, third, that the parents cannot proceed "pro

4

se" on behalf of their "Estates," and fourth, even assuming the TAC can be construed to include claims brought pro se by the parents on their own behalf, the complaint fails to follow Rule 8 of the Federal Rules of Civil Procedure, not to mention the court's prior orders (*see* ECF No. 23, 24) and therefore merits dismissal under Rule 8 or Rule 41.  Therefore, all claims that the parents cannot litigate *pro se*, including those of their minor child, must be dismissed, and any remaining claims were, in one way or another, not properly pled and must be dismissed.  ECF No. 31, PageID.641.

## III.   STANDARD OF REVIEW

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the

objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.  And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error."  *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not

appropriate or sufficient").  If the court determines that any objections

are without merit, it may rule without awaiting the response.  ECF No.

31, PageID.643.

## IV.   ANALYSIS

The objections to the report and recommendation are not well

taken.  They also substantially exceed Local Rule 7.1's requirement

imposing a 25-page limit on filings, which applies to briefs for objections

to a report and recommendation.  *See Zimmermann v. Labish*, No. 2:22-

CV-12338, 2023 U.S. Dist. LEXIS 176497, at *6 (E.D. Mich. Sep. 29,

2023) (45 page brief for objections exceeded the limit established by LR

7.1).  It is clear from a review of the objections that Plaintiffs primarily

oppose Judge Patti's focus on the threshold questions of compliance

with this court's orders and of the requirement of counsel, rather than

proceeding to the merits of their complaint.  *See, e.g.*, ECF No. 33,

PageID.668.  But because Plaintiffs failed to comply with the court's

order, the primary focus of the R&R on those failures was not error.  It

is also notable that Plaintiffs spend much of their time quoting

imagined findings of the R&R and responding to fabricated arguments.[1] With that in mind, the court proceeds to address each objection in turn.

### 1. The Magistrate Judge's characterization of Plaintiffs' failure to obtain counsel was not error.

Plaintiffs first object to the Magistrate Judge's characterization of their failure to obtain counsel. They specifically object that he did not repeat their claims that they sought assistance from the Pro Se Clinic, but do not meet the financial criteria, and have otherwise been unable to obtain legal representation on a pro bono or contingency basis. ECF No. 32, PageID.649. But of course, the result is the same; Plaintiffs have not obtained counsel, despite the legal requirement that counsel appear in order to litigate the minors' claims or on behalf of their "estates," and their failure to obtain counsel will result in dismissal of their minor child's claims and those of their estates. Although Plaintiffs call their attempts to obtain counsel "conscientious compliance," the fact is they did not ultimately comply, the Magistrate Judge was not wrong to so conclude, and the objection is **OVERRULED**.

---

[1] The court is left with the impression that Plaintiffs did not draft their brief, but can only speculate as to why they continuously misquote the R&R and/or mischaracterize its findings.

## 2.    Parents cannot represent their children pro se.

Next, Plaintiffs object to Judge Patti's finding that parents may not represent their children pro se.  In their view, "next friend" status grants them the right to litigate on behalf of their minor child.  ECF No. 32, PageID.652.  But the requirement that a parent, suing on behalf of a minor, must be represented by counsel, is not "error;" it is an accurate statement of the law that A.K. and G.K. must abide by.  "Parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."  *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds* by *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Plaintiffs' citation to *Winkleman* does not change that conclusion, because they mischaracterize that case's holding.  That case held merely that parents hold enforceable rights under the IDEA that they may prosecute in their own name, and did not address whether parents may prosecute their *children*'s claims.  *See Winkelman*, 550 U.S. at 535 ("we need not reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se*.").  Although the

Sixth Circuit has perhaps suggested interest in the subject, *Cavanaugh*'s rule remains the law.  *See, e.g.*, *Maras v. Mayfield City Sch. Dist. Bd. of Educ.*, No. 22-3915, 2024 U.S. App. LEXIS 2895, at *5 (6th Cir. Feb. 6, 2024) (noting that "non-lawyer parents generally may not represent their children"); *Chukwuani v. Solon City Sch. Dist.*, No. 19-3574, 2020 U.S. App. LEXIS 12863, at *4 (6th Cir. Apr. 21, 2020) (parent lacked ability to appear pro se on minor's behalf).  Plaintiffs were given an opportunity to find counsel, but did not; any claims on behalf of Anna must be dismissed for failure to obtain counsel, and the objection is **OVERRULED**.

### 3.    Objection 3 is irrelevant.

In Objection 3, Plaintiffs argue the Magistrate Judge erred by finding that G.K. "failed to file a notice to proceed pro se and therefore lacks capacity to remain in this suit."  ECF No. 32, PageID.655 (citing, allegedly, R&R, PageID.618, 620, 623).  They argue this is an invented procedural requirement and should not bar her suit, because G.K. signed the Third Amended Complaint (in their view) in her own name.  This is a puzzling objection, because none of the R&R actually rests on that argument.  Plaintiffs appear to be referring to a prior order of the

court, which makes its way into the R&R only by way of reference to prior orders. The Magistrate Judge recommends dismissing G.K.'s claims for several reasons, but none of them rely on a failure to "file a notice to proceed pro se." So the objection responds to an invented finding, and it is **OVERRULED**.

4.  **The Magistrate Judge did not err by finding confusion in how Plaintiffs were attempting to litigate on behalf of their "Estates"**

A core problem of Plaintiffs' pleadings, consistent in the second and third amended complaints, is that they bring claims under the following caption: "AZAZHUSEN KHATRI an Executor of The AZAZHUSEN KHATRI, Estate, individually; and GHAZALA KHATRI an Executrix of The GHAZALA KHATRI, Estate individually; and AZAZHUSEN KHATRI and GHAZALA KHATRI, as NEXT FRIEND For ANNE DOE, a Minor, individually." ECF No. 25, PageID.394. Attempting to puzzle out what Plaintiffs mean by that, and concluding their failure to clarify poses procedural problems for Plaintiffs, constitutes a fair portion of the R&R. In the end, however, the Magistrate Judge concluded that "[i]t is murky, at best, as to whether

AK and GK are present in this lawsuit as plaintiffs, personally, or solely as executors of the 'estates.'  Given the phrasing in the caption, and the list of plaintiffs in the first paragraph of the complaint, the Court should find that the TAC does *not* include AK and GK as personal parties, but only as executors of their 'estates.'"  ECF No. 31, PageID.630.

Plaintiffs make a few confusing arguments on this point.  Their arguments are copied here in full for reference:

> There is no "confusion as to who, precisely, are the Plaintiffs" (R&R, PagelD.622).  The caption of the Third Amended Complaint states in bold type: "AZAZHUSEN KHATRI, individually; GHAZALA KHATRI, individually; and ANNE DOE, a minor, by and through AZAZHUSEN and GHAZAL.A KHATRI as Next Friends." Paragraph 3 of the TAC then reiterates that Azazhusen and Ghazala Khatri sue "in their individual capacities and as Next Friends" (ECF No. 25, PagelD.396). The word "individually" is not surplusage; it is a term of art with a clear and dispositive legal meaning.

ECF No. 32, PageID.659.

They then complain the Magistrate Judge "has architected a jurisdictional defect from whole cloth, abdicating his fundamental judicial duty to adjudicate the operative pleading and, in its place,

resurrecting language from a prior, legally defunct complaint."  ECF
No. 32, PageID.661.

But Plaintiffs have a rather large problem: that is not what the
caption says on their Third Amended Complaint.  *See* ECF No. 26.  Nor
does the quoted phrase appear on PageID.396.  So what they mean by
the above argument, or how they came to quote language that does not
appear on that page, is anyone's guess.  This argument is also utterly
inconsistent with their prior filings on the very motion to dismiss that
triggered this R&R.  In their response to the motion to dismiss, they cite
their "Estates'" claims many times and treat those claims as operative.
*See, e.g.*, ECF No. 29, PageID.545 (arguing Plaintiffs "possess the full
legal authority to represent their Estates in these proceedings"); ECF
No. 29, PageID.566 ("Estates' Role**:** The Estates of ANNE DOE, GK and
AK are also involved in seeking justice for the harm caused by the
Defendants . . .").

While the court acknowledges that the objection evinces a clear
intent to at least include individual or personal capacity suits in the
case caption, the Magistrate Judge made his findings on the language
that actually appeared in the TAC and the arguments made by

Plaintiffs themselves, and the objection is **OVERRULED**.  As far as

Plaintiffs seem to say they intended to bring personal capacity suits, the

court will address the problems of those claims elsewhere.[2]

### 5.      The Magistrate Judge did not err in addressing Plaintiffs' "power of attorney"

Plaintiffs next argue that, "In a stunning display of judicial

misdirection, the Magistrate Judge devotes an entire subsection of his

analysis to the proposition that 'a power of attorney is wrong and

cannot authorize non-lawyer representation' (R&R, PageID.625).  The

problem with this dissertation, dispositive and obvious, is that the

Plaintiffs have never invoked a power of attorney as the basis for their

standing . . ."  ECF No. 32, PageID.661.  Set aside, for the moment, the

issue that once more the quoted language does not appear on the cited

page, or for that matter anywhere in the R&R.  More importantly, for

the second time Plaintiffs make a disturbing about-face in their

arguments to the court, representing that they did not argue something

---

[2] This misquoting/presentation of erroneous citations happens a few times. In ECF No. 32, PageID.659, none of the quoted material appears on the page cited, if at all.  If the quotes were merely pulled from a prior filing, that would be one thing, but the pincited citation is odd, to say the least.

that they plainly did.  At the bottom of the TAC, both parents signed the document as "Agent/Attorney-in-fact as Per Power of Attorney of the Anne Doe Khatri Estate."  ECF No. 25, PageID.454-55.  They did it again in their response to the motion to dismiss.  ECF No. 29, PageID.600.  The Magistrate Judge therefore carefully explained why "power of attorney" does not confer the rights of being an attorney in fact.  ECF No. 31, PageID.633.  It is not clear whether Plaintiffs' misrepresentation to this court is unintentional, but it is hard to see how, if Plaintiffs in fact drafted their own objections, they could make so plain an error by mistake, and their unmistakable lack of candor is troubling.  *See Ridder v. City of Springfield*, 109 F.3d 288, 293, 298 (6th Cir. 1997) (pro se litigants are subject to the same duty of candor as other litigants and are covered by Rule 11).  The objection is **OVERRULED**.

### 6.   The Magistrate Judge correctly determined that the TAC fails to satisfy Rule 8.

Plaintiffs next object to the alleged "conclusion that the Third Amended Complaint (TAC) is 'verbose and deficient and therefore fails to satisfy Rule 8(a) or the Twombly/Iqbal standard' (R&R, PageID.624)."

15

ECF No. 32, PageID.664.  But while the R&R did find that their factual allegations were deficient under Rule 8, the Magistrate Judge's finding did not rest his conclusion on the complaint solely being "verbose." More specifically, he found that their "verbose, meandering, often nonsensical third amended complaint weaves together dozens of statutes, hundreds of allegations into a sixty-two page pleading."  *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (What Rule 8 proscribes is *obfuscation* of the plaintiff's claims.").  He found that:

> Although Plaintiffs made an effort to delineate which claims were brought by which Plaintiffs, as noted above, any further effort to heed the Court's instructions stop there.  As before, Plaintiffs lump together multiple statutes, claims and theories in each count, and as before, the pleading often flips back and forth between referencing the singular "Plaintiff" and the plural "Plaintiffs," or between the "parents" or the "estates," or any other purported party.  Indeed, it appears to the Court that the heart of the problem is that Plaintiffs believe the rights and claims of GK, AK, Anne, and the estates are all interchangeable and synonymous.  Adding to the complication is Plaintiffs' attempt to include seemingly a multitude of related and unrelated statutes and theories of relief in multiple counts. The result is nothing short of chaos.

ECF No. 31, PageID.639-40.

Once again, Plaintiffs' quote reading: "verbose and deficient and therefore fails to satisfy Rule 8(a)" is invented; it appears nowhere in the R&R.  As a result, Plaintiffs argue only that they were permitted to be verbose under Rule 8, but they do nothing to meaningfully object to the Magistrate Judge's findings that their "verbose" complaint was <u>also</u> meandering, and that it lumped together different claims in ways that are impossible to follow.

On its own review of the TAC, the court agrees that the TAC does not satisfy Rule 8.  Often, paragraphs include multiple claims or statutes without explaining what statute the allegation is brought under, what parties are involved, or how the allegations establish a violation of the *parents*' rights, rather than their minor daughter's.  Take, for example, Count X.  *See* ECF No. 25, PageID.437.  The Count is apparently brought for "Failure to Comply with U.S. Constitution 14th Amendment, and 42 U.S.C. §§ 1981, 1983, and Title IX, 20 U.S.C. § 1681 et seq., and Civil Rights 18 U.S.C. §§ 242, 245, 1001."  *Id.*  Read very liberally, the paragraphs allege that some Defendants ignored an alleged threat against Anne by other students.  But under which of those various statutes is that allegation brought?  Plaintiffs cite 18

17

U.S.C. § 1001 in one paragraph, but that is a criminal statute with no

civil right of action.  *E.g.*, *Pondexter v. Sec'y United States HUD*, 788

Fed. App'x. 93, 2019 U.S. App. LEXIS 27943 (3d Cir. 2019).  But set

that problem aside; what part of that allegation, as the Magistrate

Judge noted, alleges a violation of a right of the parents, versus the

right of the student?  Is that claim, whatever it is, brought on behalf of

the parents, individually, or on behalf of their "Estates" (which they

cannot litigate pro se)?  The court has no idea.  While their objections

now make the argument that these claims were only brought on behalf

of the parents individually, that is not what Plaintiffs said in their TAC,

nor in their response to the motion to dismiss, and Plaintiffs cannot now

flip their argument and pretend that the TAC says something different

than it does.  *See* ECF No. 25, PageID.437 ("Plaintiffs and Its Estate's

Claims"); ECF No. 29, PageID.565 ("Plaintiffs' GK (Mother) and AK

(Father), along with their respective Estates, are deeply affected by the

bullying and harassment that Anne experienced.").  The Magistrate

Judge did not err in finding this mishmash of claims and parties

confusing; nor did he err by finding that the failure to rectify this

pleading problem constituted a failure to comply with the court's prior

18

order or satisfy Rule 8.  Even in pleadings drafted by *pro se* parties,

"'courts should not have to guess at nature of the claim asserted.'"

*Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012)

(quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Finally, although Plaintiffs now try and recharacterize the whole
second section of the TAC as brought on behalf of the parents
individually, the court does not view its role on this review to try and
save Plaintiffs' claims in reliance on arguments that mischaracterize or
flatly ignore the record as it stands.  Plaintiffs were previously warned
about lumping claims together in single paragraphs, and the need to
clarify the parties in each allegation.  *See* ECF No. 23, PageID.385.
They instead continued to bring claims on behalf of both the "Estates"
and, allegedly, individually, but did not distinguish between those
claims in the TAC itself.  In their objections, they do not specifically
identify any particular claim brought on behalf of the parents in their
personal capacities, nor do they make a proper objection on that point.
Simply arguing that "verbosity" does not violate Rule 8 does nothing to
establish a specific error in finding that their TAC hopelessly mixed-
and-matched allegations in a way that the court cannot follow.  At this

point, any prejudice to Plaintiffs for failing to differentiate claims of the "Estates" and their personal capacities, or for failing to separate claims contained within a single paragraph, is a problem of their own making. Their failure to properly object compounds the issue rather than justifying this court's intervention on their behalf. The objection is **OVERRULED**.

> **7.    Plaintiffs' constitutional argument is foreclosed by binding circuit precedent.**

Next, Plaintiffs argue that the imposition of a requirement of counsel for their child's claims imposes a wealth-based barrier to the courts. But as explained above, the requirement of counsel to litigate claims on behalf of a minor remains the rule in this circuit – though, granted, at least some judges on the Sixth Circuit have suggested openness to considering some form of this argument. *See Maras v. Mayfield City Sch. Dist. Bd. of Educ.*, No. 22-3915, 2024 U.S. App. LEXIS 2895, at *5 (6th Cir. Feb. 6, 2024) (noting that "non-lawyer parents generally may not represent their children," but also indicating that there are "important questions about the ability of parents with limited means to vindicate the constitutional rights of their children").

20

But overruling the binding panel precedent in *Cavanaugh* is for the

Sixth Circuit sitting en banc or the Supreme Court to consider, not this

district court.  The objection is **OVERRULED**.

> **8.**  **Plaintiffs argue that dismissal is unwarranted under**
> **Rule 41(b), but their objection mischaracterizes the**
> **R&R.**

In their next objection, Plaintiffs claim that the Magistrate Judge

erred when he recommended dismissal under Rule 41(b).  Once again,

Plaintiffs invent a quote from the R&R to respond to.  *See* ECF No. 32,

PageID.670.  However, it is at least accurate to say that the R&R did

recommend dismissal under Rule 41, so the court will analyze the

substance of the objection, while noting yet another example of the

deficiency that appears throughout their brief.

Plaintiffs claim that the R&R is defective because it "fails to make

findings on-or even mention-a single one of these factors."  They also,

inaccurately, characterize their invented quote as the "single sentence"

in the R&R addressing dismissal under Rule 41.  *Compare id.*, *with*

ECF No. 31, PageID.635-37 (several pages devoted exclusively to the

topic).  Both of these statements are false.  The R&R addressed all four

factors in some detail.  ECF No. 31, PageID.635-37 (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Given that the objection rests on plainly false statements of fact, the court does not find the objection sufficient to invoke de novo review of the findings. The court nonetheless agrees with the findings, and the objection is **OVERRULED**.

**9. The Magistrate Judge was not required to review their claims on their merits when he found reasons to dismiss the complaint on other grounds.**

Plaintiffs' next objection is primarily that the Magistrate Judge identified threshold procedural hurdles for their claims and declined to reach the merits of their complaint.  ECF No. 32, PageID.676 (arguing that "a federal court's primary function is to adjudicate the substance of the claims before it, not to act as a literary critic of the pleadings").  But the procedural hurdles identified by this court and the Magistrate Judge are not a symptom of flawed methodology.  They are simply ordinary rules by which all litigants, including those with allegedly meritorious claims, must abide.  The Magistrate Judge did not err in

declining to reach the merits of their claims by recommending their dismissal on other grounds, and the objection is **OVERRULED**.

The court notes yet another instance that Plaintiffs quote fabricated language. They open their objection by saying "The Magistrate Judge's Report and Recommendation devotes fewer than three lines to the merits of this case, dismissing them as-quote, 'largely inflammatory and legally irrelevant accusations,' unquote (R&R, PageID.625)." ECF No. 32, PageID.673. The quoted language again does not appear anywhere in the Magistrate Judge's opinion, and the repeated, untruthful insistence that Plaintiffs are quoting the Magistrate Judge once more raises questions about Plaintiffs' candor.

**10.    The Magistrate Judge's opinion does not show**
**extrajudicial bias against Plaintiffs.**

Plaintiffs' final objection claims bias by the Magistrate Judge, and in doing so once again fabricates quotations. They argue that "the Magistrate writes-quote, 'Because the Third Amended Complaint is procedurally defective, the Court need not require Defendants to answer or otherwise address the merits at this time,' unquote (R&R, PageID.625)." ECF No. 32, PageID.676. The alleged quoted language is

23

invented; it appears nowhere in the R&R.  This happens again soon

after.  *See* ECF No. 32, PageID.677 (allegedly quoting "Defendants have

chosen to withhold a merits response" (R&R, PagelD.623), but again the

quote is fabricated).  While the court could speculate about how

Plaintiffs ended up responding to fabricated arguments and quoting

fabricated language, it is sufficient for purposes of this opinion to

simply say that this court is not required to waste its time analyzing

objections that respond to invented findings, and the objection is

**OVERRULED**.

> **11.   The Federal Rules of Civil Procedure do not compel**
>
> **an answer prior to deciding a Rule 12 motion.**

Plaintiffs next object that Defendants have violated Rule 8 by not

filing an answer, that default under Rule 55 is therefore mandatory,

and the Magistrate Judge erred by "arrogating to himself a legislative

power he does not possess."  ECF No. 32, PageID.682.  Plaintiffs

completely ignore Fed. R. Civ. P. 12(a)(4), which tolls the time to

answer a complaint until resolution of a motion made under Rule 12,

and the objection is **OVERRULED**.

**V.   CONCLUSION**

Therefore, all the objections are overruled, and no proper objections remain, releasing the court from its obligation to independently review any remaining matters. *See Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The court **ACCEPTS** and **ADOPTS** the report and recommendation, **OVERRULES** the objections, and finds that no response is necessary. To the extent the TAC brings any claims by A.K. and G.K. personally, those claims are **DISMISSED WITH PREJUDICE**. To the extent the TAC brought claims on behalf of the minor child Anna, or on behalf of her parents' "Estates," those claims are **DISMISSED WITHOUT PREJUDICE**. This is a final order and closes the case.

**SO ORDERED**.

Date: August 20, 2025                    s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge